Rowan v. Warden Appellant number 22-1298. Good morning, Your Honors, and may it please the Court, my name is David Fine. I represent the appellant, Bruce Rowan. Your Honor, may I reserve three minutes for rebuttal, please? Thank you. Mr. Rowan asked that the Court reverse the district court's order dismissing his 2254 petition and remand for further proceedings as set forth in Mr. Rowan's merits briefs in this court. In his pro se merits briefs before the Delaware Supreme Court, Mr. Rowan argued, among other things, that his convictions for violating the no contact order violate his due process rights since he received insufficient notice that he could not contact the young woman. Did any of the state courts address that due process claim? No. So we're in de novo review land, correct? We're in de novo review land. I believe that's right, Your Honor. And I should note as well that not only did none of the Delaware courts address that particular claim, the district court did not address that particular claim. Well, the district court made some statements about the claim and quoted other things that were said about it. But our view is whether or not the state court addressed it. And you've addressed it, so we know. And I appreciate that, Judge Schwartz. I guess my point in saying that is that it helps to describe or to justify the relief that Mr. Rowan has asked for, which is principally for remand for the district court to address it in the first instance, because I don't think it really has. Unless this court wants to go ahead, obviously he has no objection to that. Now, there really are a couple of questions. One is, of course, that the state asks the court to grant ADBA deference to what the state court did. And the problem with that is, as you've noted, Judge Schwartz, is that we don't know what caused the state courts to ignore the claim. It could be that they addressed it, or they regarded it, but didn't do anything with them. It could also be that they simply misconstrued the claim. The other thing is to ask whether there's really a colorable claim here. And I think that there's more than a colorable claim. Not to go into detail on the facts, because I know the court is well familiar with the facts, but here, Mr. Rowan was arrested. He was arraigned. He was told, here's your bail amount, and here's a no contact order. And let's focus on the fact that two separate documents were signed at that first appearance, the bail document and the no contact order. You agree they are separate documents? They were, Your Honor, yes. OK, you can go ahead. Well, but I guess my point is this. The no contact order tells Mr. Rowan, quote, this order must be followed until it is changed or withdrawn by this court or another court having jurisdiction or until the case is ended, which, by the way, is not really tracking the language of the statute particularly. Well, let's focus on what he was told, because I don't think it would be fair to assume that Mr. Rowan would have access to the statute. So he is told that if the case is withdrawn or changed, and in this case, he was released by accident, of course, but he was released. It doesn't say the case. It says whether the order was changed or withdrawn, not the case that was changed. The language is this order must be followed until it is changed or withdrawn. That is the order, not the case. And I think that's right, Your Honor. What evidence do you have in the record that the order was changed? You would agree it was never withdrawn, correct? I don't think, respectfully, Your Honor, I don't have any evidence to point to that there was a change. But respectfully, I don't think that's really the issue. I think the issue is, what would a reasonable person in Bruce Rowan's position understand about his legal rights? Because we're talking about due process and notice. And what case law do you have to support that? I don't think that there is a specific case law, Your Honor, that tells us that, other than the general case law that I've cited in our briefs, that says that, of course, you need to know that what you're going to do crosses the line into criminality before you can be charged with it. That's a basic due process. Isn't there evidence of actual knowledge here? No, Your Honor, I don't think that there is. Have you listened to the tapes from the prison? I did, Your Honor. And so they demonstrate he subjectively knew he was not to contact the victim. Well, let's talk about that. The first thing is, of course, those tapes were not in the district court record. So I don't think. They were in the trial court's record, though. They were in the state court record. But they weren't in the district court record. So I don't think they're proper. We're looking at this de novo. And we can look at the state court record. In fact, under the Supreme Court's current precedent, we can only look at the state court record. That's fine, then, Your Honor. Then let's look at what those tapes indicate. The tapes are, what, 56 calls. And I think it's roughly 46 calls in, plus or minus. He says something like, I'm probably not supposed to be talking to you. Or I could get a felony charge. Right. I don't think you're sure, probably, because he told her, like, I can't talk to you. If I do, I could get a felony charge. All right, that's fine. But again, that tells us nothing about what occurred prior to that, right? And what Mr. It doesn't matter. It does, Your Honor. It does because if there's an intervening reason that he learned that he should not talk to her, then it tells us that, for at least the first many calls, he didn't know. And in this case, if you listen to those same records. 46 calls were made with someone else's pen. If he thought he was allowed, why wouldn't he just use his own pen? Because I believe, and Your Honor, this is my understanding, and I'll warrant it that way, that they're only allowed a certain number of minutes of calls. So if he wanted more time, he had to. He never called with his pen. He never called using his own pen. Then maybe he'd already used his time. I don't know the answer to that. And of course, that's another reason why, had this been in the district court for an evidentiary hearing, the district court could have looked into all of those things. But let me circle back, though. If you listen to the recordings, as Judge Schwartz points out, you will hear in one or two calls prior to what in Watergate days we'd call the smoking gun tape, you will hear Mr. Rowan say, I had a visit from my public defender. He says it right during that same call or right before it. Thank you, then you're more on top of those calls than I am, Your Honor. And I think that that's critical because what Mr. Rowan would have told the district judge in an evidentiary hearing is that his public defender said, Bruce, and I'm paraphrasing, of course, Bruce, stop it. Stop calling her, is what he would have said. That's what you're telling me you think occurred. Right, he would say, knock it off, you can't do that. I don't know if he would lean too much on the calls because some of them were not necessarily beneficial to his desire to be straightforward. In fact, he was encouraging others to say certain things that would benefit his position but not necessarily be accurate. So if we bring that to the district court, it could have some trouble. My point, and I think Judge Chung's point in only bringing it up, is there is evidence in this record that was before the state court that demonstrated knowledge. Your point, I understand your point, is an intervening event could have given him knowledge. We can go back, though, to the arraignments and the order. And the order was not withdrawn. He signed it. It was not withdrawn. It was not changed. What reason would he have to think that this separate document, that's why I said it was separate, was impacted by the fact that his bail was increased? What reasonable basis would he have to conclude that the increase in his bail amount had anything to do with his other conditions, non-monetary release? Your Honor, let's begin with the fact that he's not a lawyer, of course. He is a layman, and a layman of limited education. He is taken before the court. And he is told, here are the bail conditions. And here's the no contact order. Now, I absolutely take your point. There are different orders. But of course, that's the sort of thing that we as lawyers and judges focus on and understand. I don't know that we can expect that Bruce Rowland would understand that there would be any difference between those two things. He's released. He is brought back to court. And in a proceeding that looked very much like the first one, he's told, now your bail is this number. But there's nothing said about the no contact order. But is there a constitutional requirement to correct his misunderstanding when actual notice was given? I mean, is that a constitutional requirement? He had actual notice. And yes, he might have misunderstood it. The court had no way of knowing he misunderstood it. Is there a constitutional requirement that the court somehow deduce that he doesn't understand and give notice when he's already been given actual notice? Well, it's clearly the case that at arraignments in Delaware state courts, with obvious exceptions relevant to this case, the judges do, in fact, make that notice. I'm talking about what the US Constitution requires. What does the Constitution require when actual notice was previously given? If that notice would not have been clear to this defendant in this set of circumstances, then I think the court did have an obligation to re-notify him, if you will, to let him know that this was not among the circumstances that changed the obligations of the existing order from October of that year. Let me give you a hypothetical, which is a bit off the mark, as most of my hypotheticals are. But let's assume that I'm in a state where speeding is a criminal offense. And I'm in a state where the speed limit throughout the state is 55 miles an hour. But they don't post it anywhere. They just have a law saying it's 55 miles an hour. When you get your learner's permit, you're told on the learner's permit that as long as you're driving in this state, you shall not exceed 55 miles an hour. I get my learner's permit. I see, oh, 55 miles an hour. I can go very fast, can't I? I spend all that money on my Ferrari. Five months later, I pass my driver's test, and I get my nice little license. On the license, it doesn't say anything about 55 miles an hour. I'm cruising down the road at 70 miles an hour because I didn't invest in this place that was used as a Ferrari. Speed limit's not posted anywhere. I'm pulled over, and I'm arrested for speeding. You're saying that that's a due process violation because I didn't have notice that I couldn't exceed 55 miles an hour. They had to put that on my driver's license. Somehow, when I got my driver's license, that negated the notice that I had as a matter of law, number one, by the statute. And number two, the learner's permit, all that was wiped out. They've got to post, at whatever cost, they've got to post the speed limit ever so, whatever interval, to tell me 55 miles an hour, or else I've got a due process violation. That's really where your argument takes me. No, respectfully, Your Honor, let me answer first the hypothetical that you've put before us. That would not be a due process violation. Now, why do I say that? I don't have any notice. I don't have any notice. Your Honor, my answer to that is that it's materially different than what occurred here. Because in your case, there was notice given during driver's training about whatever is the maximum speed limit in the jurisdiction in the hypothetical. And there was nothing. That's not good in my hypothetical. Yeah, the only notice I put in my hypothetical was it's printed on my learner's permit. That's it. Nothing in the driver's training or anything else. It's just printed. That's fine. I didn't mean to cross up the hypothetical. The answer, though, is that there was nothing in your hypothetical that followed on that would have allowed a reasonable person to think that that was no longer the case. There was no new learner's permit. It's not on my driver's license. I got a driver's license. Tells me I've got to wear glasses or I can't drive. But there's nothing on there saying that I can't exceed 55 miles an hour. I figure, hell, as long as I have my glasses on, me and my Ferrari are cool. We're on the road again. Get out of my way. I know the speed I want to go. Respectfully, Your Honor, I do think it's a materially different hypothetical. But why? It's different, Your Honor, because the driver's license is a different creature than the arraignment documents. He was released, and then he was brought back. And he had been told that these would remain the case unless changed or modified or the case ended. A reasonable person could have wondered whether those things were still applicable to him. A reasonable person who took driver's education would know that there is a speed limit and would know that he or she had to obey the requisite speed limit. But if he gets an order, order number one, telling him these are the conditions that remain in effect unless three things happen. None of those three things happen. He then gets a subsequent document. That document does not contain the prior order. But it's also not one of those three events that would cause the restrictions of the prior order to terminate. Why wouldn't that tell a reasonable person? And again, forgetting the fact that the construction of knowledge of the statute, why wouldn't that tell a reasonable person? So that's this common sense involved here. I cannot contact the person I've been convicted of contacting or I'm charged with contacting. I can contact her now. Help me understand why a reasonable person would think that way. Well, a reasonable person with no education in the law and with limited education outside the law might understand that one proceeding had ended and a new one had begun and that the new rules that he was told at the proceeding that initiated the second stage, if you will, of the case had superseded the first. And if your honors have no further questions, I'll reserve my time for rebuttal. Terrific. We'll see you on rebuttal. Thank you so much. Patrick. May it please the court. Excuse me. Good morning. Andrew Vela on behalf of the state of Delaware. In this case, I believe it boils down to the facts. The facts are very sensitive here. The court is conversant in the facts. Bruce Rowan had noticed that he was not to contact the victim. He was given that notice on October 30th. He was made aware of the order signed and acknowledged that he could not contact the victim. And the document that he signed was specific about when that would go away or whether that would go away. And it said, this order must be followed until it is changed or withdrawn by this court or another court having jurisdiction or until the case is ended. Can I ask you a question about Delaware criminal practice and bail proceedings and conditions of release? Yes. This particular case, we have a bond amount and this particular defendant, because the crimes charged, was subject to the no contact order. Taking us out of a scenario with defendants charged with these crimes, are there separate documents that embody conditions of release for an individual? Yes. And so is that the typical practice to be as one document is the bond document, a separate document is the order setting the conditions of release? Yes. There's the document that sets the amounts of bail, money, and then the conditions. So let's say we have an individual who is like this individual, but the condition of release is not no contact. It's some other condition. For some reason, he appears back before us for a second arraignment, additional charges, there's been a violation of the conditions of release. The state court judge increases the bail amount. Is there a re-execution of the conditions of release? No, they follow. The bail follows from court to court and is not changed unless there is a request for a change or there is a sua sponte change of anything. Of the condition of release. Correct. The conditions follow the case, follow the defendant through from their arrest and first presentment, we'll call it the arraignment, at JP court. Then if it's a felony case, it goes to the court of common pleas for a preliminary hearing. Then if it's indicted and bound over from a preliminary hearing, it will go to the superior court. The conditions and the bail amounts follow until someone changes them. So under this practice, defendants are deemed to be on notice of the conditions set at the initial appearance. That is correct. And they follow through unless they're changed, regardless of whether the bail amount is changed. Is that correct? That is correct. That is correct. I have a question about what we asked for some supplemental materials and we received something that's marked as B8 and B12. They look like bail history screenshots. Can you describe for the purpose of this proceeding what we're looking at? Yes, what you're looking at in those additional or the supplemental filings are the screenshot, the screen grabs from the bail history. We have in our state system, we can track the bail history of a particular case or particular charges for a individual defendant. What we submitted were the bail screenshots from December 28th when he was arraigned, when Bruce Roman was arraigned in the Superior Court. It was a dual proceeding, it was an arraignment case review and that has the conditions that followed. Now, if you compare that to the docket entry, the docket entry tells me only that the bail was increased. Correct. Looking at the docket though, it doesn't tell me about this, the bail conditions. How do these two documents relate? And I ask that in part, would something like that give at least constructive notice to a defendant that those conditions continued? So I don't know who could see this screenshot. So a defendant would not be able to see that screenshot. That is for the court. The prosecutors might, if they wanted to, and we can and we do, have access to that system so that we can capture the screenshots or take a look at bail history. But that would not have been available to Roman or his attorney unless they asked the court staff to see the bail history. But that's not, the fact of the matter is here, he acknowledged his bail conditions, acknowledged the conditions, the no contact order. So his own acknowledgement, look, the document's pretty clear. The charges have to be changed, withdrawn. The case will have ended, and none of that happened. What does the due process clause say about, to your colleague's point, a subjective belief that the case has ended? I don't know that there's a subjective, there's not a subjective component to it here. Due process is flexible, but it's not, there's no federal law or United States Supreme Court precedent that says he has to subjectively be aware of these bail conditions and then be reminded of them after he's already acknowledged them. So are you arguing that this constructive notice from the statute in that by itself would be enough to satisfy due process? The constructive notice from the statute, it might be, but the fact of the matter is here, he acknowledged it explicitly when he was first presented in the Justice of Peace Court on October 30th, 2009. Right, but he has an argument dealing with that because of the second proceeding. That's why he asked the question the way I did. Okay, well, the statute here puts that order in place or keeps that order in place, and all defendants are made aware of it when they are charged by statute, Section 21, or excuse me, Title 11, Section 2108 provides that this no-contact order must be put in place in these kinds of sexual assault case or sex cases. And- Let's assume we had a case where through a clerical error, it wasn't put into the statute, it's still there, but whoever types up the conditions of release did not include the no-contact order in that condition. The person then goes out and has contact. Would you argue in that scenario that there's still a violation and that the statute itself gives sufficient notice, or would you say, well, it wasn't in the written order, therefore he didn't have notice? Maybe that gets to my question more directly. So I think it's hard in that scenario to say that he has actual notice of the no-contact when no one has told him. Typically in a situation like this, there's a judge either on a screen or in person who says, these are your conditions, there's a no-contact condition, and there'll be a record of it, and there may be a clerical error, but the defendants, when they are presented, are given notice. So if there's a clerical error, that is something that would have to be arguably corrected to ensure that this person has notice. However, in practice, when they're in court and they're being presented, they're advised of the bail amounts and the conditions. Does that answer the court's question? It does, yeah. Does the court have any further questions? I don't have any further questions. Judge McKee, any further questions? I don't. Okay, counsel, thank you for your time and your arguments. Thank you. There's little left, I suspect, to say other than to answer any questions that the court has. I will, however, emphasize something that my colleague on the other side of the V had to say, which is that the screenshot that the court asked about, which is in the supplemental record at B9, is, number one, not something that Mr. Rowan or his counsel would have had an opportunity to see, and number two, it does give some suggestion that the proper practice would have been for the judge to say this, because apparently the judge thought that he had, because that's why it shows up here, I think. Obviously, we don't know that for sure. Again, something that if we had the opportunity to build a record, we'd have a better opportunity to explore. With that, I'll ask if the... I guess the only question I have is, I asked your colleague to describe for us how bail is set in the state system in Delaware, and he described for us a scenario where a condition, sorry, a bail document is executed and then conditions of release. Defendants violate conditions of release, things happen. Let's take this hypothetical. Defendant has a bail set, has conditions of release set. Does something else, hypothetically, like happened with your client, got mistakenly released, reappears, for some reason the bail is increased, and that's all that happens. And let's say, hypothetically, the defendant makes bail, gets out, and then violates the conditions of release imposed at the first proceeding. Would it be your position he's not on notice that those conditions continued if the court said nothing about him? So the only difference between your scenario and the one I've just described is, it's a different condition of release, and that's it, that's the only difference. The scenario's exactly, and he made bail, and then commits and violates his conditions of release. I think that in that scenario, with that tweaking in your hypothetical, Your Honor, it would be a due process problem because he wouldn't have notice. He wouldn't have notice about the conditions of release he's signed at the first appearance. Bail is, the amount of bail is changed, he gets released, then goes and violates the conditions of release previously set. Your position is, the court would have to re-articulate out loud, for the record, all of the conditions of release previously set. If you'll forgive my asking a question about the hypothetical. Does the hypothetical assume that he is released? Yes, my hypothetical is he gets out, and when he gets out after that second arraignment, he makes bail. The difference between your guy and this hypothetical is the condition of release is not the no contact, it's some other condition of release, and he makes bail at that second event, and he goes out and commits a violation of the condition. And the judge doesn't repeat the conditions at the second appearance. I'm sorry, I didn't mean to interrupt you, Your Honor. Let me take a step back then from my earlier answer. Because I think that scenario is somewhat different in the sense that there would not have been something that might have given him reason to believe that the first conditions of bail no longer applied. Like the release from jail. So I think that it is materially different. So perhaps that would be a different outcome. I had misunderstood the hypothetical. The conditions of release would only trigger if they were out. Like if you make bail, if you put up your $100,000 and you get out, you shall not fill in the blank. And let's assume it was a no contact with witnesses. Right. Are you saying that the judge would have had to repeat that condition when the second bail amount was set? No, I'm not, Your Honor. And the reason is that there's not an intervening event that would have given the defendant a reason to wonder whether the conditions first set had been somehow. The only difference between my hypothetical and your scenario is making bail. The condition of no contact with the victim versus no contact with witness, exactly the same. The only difference is he makes bail. But your hypothetical doesn't allow for the possibility that somebody was let out. Because of course, he was able to make bail. So he did get out. Yeah, that's my hypothetical. But the getting out part, if you make bail, doesn't send a message to someone that the proceeding has ended. Well, there was nothing. Is there anything in the record that sent a message that the proceeding ended as it relates to Mr. Rowan? Well, he was let out. He was let out without making bail. I think Judge Schwartz's hypothetical is that he makes bail after the second arraignment. Yeah. I think you're saying instead of the second arraignment. She's saying he's let out by mistake, second arraignment, he's in, then he makes bail. And I think you're thinking the second arraignment never happens. But if Judge Schwartz's hypothetical, he has the second arraignment, then he makes bail. Is that right, Judge Schwartz? Yes. I'm sorry if I wasn't clear. Thank you for translating. Speaking of lack of notice, it's my own notice problem here. I apologize, Your Honor, I didn't understand. Yeah, I think there would be a due process problem there. Okay. All right, thank you. And thank you. All right, we thank both counsel for their very helpful briefing and arguments. And the court will take the matter under advisement. And Mr. Fine, thank you once again for accepting the court's pro bono appointment. We greatly appreciate it. Glad to do so, Your Honor. Okay, great. And that ends our proceedings for this morning. Excuse me, do you want me to call you or how do you want to call me? We'll call you in 10 minutes. Great. You will use the link I sent you. Okay. Okay. Thank you.